UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD LYNN MCCOY, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:22-CV-00114 JAR |
| UNKNOWN PREE, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Richard Lynn McCoy, Jr., an inmate at Jefferson City Correctional Center (JCCC), for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $13.65. Additionally, for the reasons discussed below, the Court will partially dismiss the amended complaint,[1] and direct the Clerk to issue process on the non-frivolous portions thereof.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20

---

[1] Plaintiff filed a motion for leave to file an amended complaint on February 14, 2022. The Court will grant the motion and instruct the Clerk to file the attached amended complaint. [ECF No. 4].

percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his amended complaint. A review of plaintiff's account indicates an average monthly deposit of $68.25. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $13.65.

## Legal Standard on Initial Review

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court

should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Amended Complaint

Plaintiff, an inmate at Jefferson City Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights during his incarceration at Northeast Correctional Center (NECC). Plaintiff names the following as defendants in this action: Director of the Missouri Department of Corrections Director Anne Precythe; Warden Unknown Reddington; Correctional Officer Unknown Pree; Unknown Director of Institutions of Missouri Prisons; Correctional Officer Unknown Wynn; Correctional Officer Greene; Lieutenant Unknown Waite; Correctional Officer Ensley; John Doe Doctor; John Doe Corizon Employee; Unknown Corizon Nurse; and Medical Personnel at NECC. Plaintiff sues defendants in their individual and official capacities.

Plaintiff asserts that on April 6, 2020, he was placed in Housing Unit 1, D-wing, Cell No. 142. He claims that this cell was "off-line," meaning that it was not supposed to be housing inmates at that time, because the toilet would overflow when it was flushed. Plaintiff claims that he was placed in this cell as a "form of punishment" for refusing to accept a cellmate. He alleges that he was denied an evening tray on the day he was placed in Cell No. 142. Plaintiff does not indicate who placed him in the cell or purportedly denied him a dinner tray.

Plaintiff states that he accidentally flushed the toilet in Cell No. 142, and it overflowed. He claims that as a result, he was given a conduct violation. He states that after being read the conduct violation for overflowing his toilet, he went back to sleep in his cell. "Sometime later," plaintiff claims that he was awoken to being sprayed with pepper spray. Although his amended complaint is unclear as to who sprayed him with pepper spray, he clearly indicates in his Informal Resolution Request (Exhibit B), attached to his amended complaint, that he was maced by defendants Wynn and Ensley, without provocation, while sleeping in his cell.[2]

Further, he states that defendants Wynn and Ensley "refused to pull offender out of his cell" even though he couldn't "see and breathe." The Court treats such a claim as a deliberate indifference to a serious medical need. Plaintiff claims that he then broke the sprinkler in his cell to assist in clearing the mace, and he slid underneath his bunk.

Approximately twenty minutes later, Lieutenant Waite came to plaintiff's cell and asked plaintiff to submit to restraints. Plaintiff does not indicate whether he came out from under his bunk and complied with Lieutenant Waite's orders. Rather, he states that he was "pepper sprayed by Lt. Waite [i]n the presence of C/O Ensley, C/O Pree, C/O Greene, and C/O Wynn." Plaintiff states in the amended complaint that he "still complied to restraints," and he was removed from his cell with restraints on.

Plaintiff alleges that he was walked past a restraint bench in D-Wing and escorted to A&B Front Door. At the front port of Housing Unit No. 1, Lieutenant Waite allegedly said, "Hold him against the wall." Plaintiff asserts that defendant Wynn threw him against the wall and tried to force his head down so defendant Waite could use his knee to hit plaintiff in the face. Plaintiff claims that at this point, defendant Waite began using his knee to hit plaintiff in his pelvis and left

---

[2]Pursuant to Federal Rule of Civil Procedure 10(c), a copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.

leg, as well as in his butt and rib cage. He claims that defendants Pree, Greene and Ensley stood and watched as Waite hit him. After plaintiff was allegedly assaulted by defendant Waite, he was taken to the restraint bench at "1-A."

Plaintiff states that "medical staff" came to the restraint bench to "assist the plaintiff [with] his injuries" and they "washed his eyes out after being pepper sprayed." He acknowledges that a few days later he saw an unnamed NECC doctor regarding the "swelling to the injured areas." Plaintiff, however, does not indicate what areas he believes were injured relative to the altercation with defendants Waite and Wynn, or if he discussed with the unnamed NECC doctor where he believed he was injured. Rather, he claims only that the unnamed doctor did not order X-rays.

Plaintiff complains that an unknown Corizon doctor, along with several nurses, refused to see him during sick call to properly assess his pain. Plaintiff does not state when this occurred or identify these individuals by any other means other than to say they worked at NECC during the pandemic. Plaintiff claims that he was told that there was a shortage in medical staff during that time.

Plaintiff asserts that for almost two years he complained to unnamed persons in NECC and JCCC medical of pain in his leg and pelvic areas. However, plaintiff does not state when and where he complained of pain, or what specifically he complained of. He also does not indicate whether he was treated for pain over the course of the two-year period. Plaintiff claims that on January 20, 2022, Dr. Stone at JCCC scheduled an X-ray on an unspecified portion of his body, which purportedly occurred on January 25, 2022. Plaintiff asserts that he was told there was a "significant injury" to his leg and pelvic area, but he does not specify what the injury was or who told him he had such an injury. Plaintiff believes his hip is fractured, but he does indicate what the basis for his belief is.

5

Plaintiff alleges that defendants Anne Precythe and Warden Reddington should be held liable for the incidents he complains of because their names are on his grievances.

Plaintiff seeks monetary relief in this action.

## Discussion

Plaintiff asserts that defendants Wynne, Ensley and Waite subjected him to excessive force in violation of his Eighth Amendment rights, and additionally subjected him to assault and battery in violation of Missouri State law. He claims that defendant Correctional Officers Pree, Greene and Ensley failed to intervene in the assault in violation of his Eighth Amendment rights. He also alleges that the Corizon medical defendants, as well as Correctional Officers Wynn and Ensley, failed to properly treat his injuries and were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Plaintiff sues defendants in their individual and official capacities.

### A. Plaintiff's Official Capacity Claims

The Court first addresses plaintiff's official capacity claims. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Plaintiff has named as defendants employees of the State of Missouri, as well as employees of Corizon.

"[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *Id.* As a result, the amended complaint fails to state a claim upon which relief can be granted with respect to official capacity claims against all employees of the State of Missouri. Similarly, plaintiff's claims against the Missouri Department of Corrections are subject to dismissal for failure to state a claim. An agency exercising state power is also not a person subject to suit under § 1983. *See Barket, Levy & Fine,*

*Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991). Moreover, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).

Plaintiff's official capacity claims against the Corizon defendants are also subject to dismissal. As set forth *infra*, the amended complaint contains no facts that would establish Corizon's liability for the alleged misconduct. Therefore, plaintiff's official capacity claims fail against the Corizon (medical) defendants. *See Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006) (describing claims brought against corporations acting under color of state law).

### B. Plaintiff's Claims that Lack a Causal Connection

Plaintiff's claims against Anne Precythe, Warden Reddington, and the Unknown Director of Institutions of Missouri Prisons are subject to dismissal.

Plaintiff fails to state a claim against these defendants because he fails to bring any allegations against them in his amended complaint. Plaintiff fails to allege facts that show how any of these defendants are causally linked to, and directly responsible for, violating his rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights). Plaintiff merely lists these individuals as defendants without alleging, with any specificity, that they did anything to violate his rights. As a result, the amended complaint is legally frivolous and fails to state a claim upon which relief may be granted as to these defendants. *See also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se*

7

complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them).

The Court notes that in the final paragraph of his amended complaint, does state that Warden Reddington and Anne Precythe should be held liable for generally overseeing NECC and MDOC, as well as signing his grievance responses and "kites." However, a general responsibility for supervising operations in a prison is insufficient to establish the personal involvement required to support liability under 42 U.S.C. § 1983. See *Keeper v. King,* 130 F.3d 1309, 1314 (8th Cir. 1997); *see also, Woods v. Goord,* 1998 WL 740782, at *6 (S.D.N.Y. October 23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983). Additionally, supervisors cannot be held vicariously liable under § 1983 for the actions of a subordinate. *See Iqbal,* 556 U.S. at 678.

### C. Plaintiff's Excessive Force Claims in Violation of the Eighth Amendment and State Law Claims of Assault and Battery

Plaintiff asserts that he was maced inside his cell on the evening of April 6, 2020, on two separate occasions. Plaintiff asserts that defendants Wynn and Ensley maced him while he was sleeping, without provocation. Additionally, he asserts that defendant Waite maced him, without provocation, in the presence of defendant Ensley, defendant Pree, defendant Greene, and defendant Wynn. He also asserts that defendant Wynn threw him against the wall and tried to force his head down, while defendant Waite began using his knee to hit plaintiff in his pelvis and left leg, as well as in his butt and rib cage.

The Eighth Amendment forbids the "unnecessary and wanton infliction of pain" constituting cruel and unusual punishment. *Hudson v. McMillan,* 503 U.S. 1, 9-10 (1992). *See also Burns v. Eaton,* 752 F.3d 1136, 1138 (8th Cir. 2014) ("After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth

8

Amendment"). When a prison official is accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017). *See also Ward v. Smith*, 844 F.3d 717, 721 (8th Cir. 2016) ("Because the use of force is sometimes required in prison settings, guards are liable only if they are completely unjustified in using force, i.e., they are using it maliciously and sadistically"). The factors to be considered in determining whether force was used in good faith include "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

To allege a cause of action for battery under Missouri law, the plaintiff must plead an intended, offensive bodily contact, without consent. *Devitre v. Orthopedic Center of St. Louis, LLC*, 349 S.W.3d 327, 334 (Mo.2011). "To plead an assault, the [plaintiff] must allege: (1) defendant's intent to cause bodily harm or offensive contact, or apprehension of either; (2) conduct of the defendant indicating such intent, and (3) apprehension of bodily harm or offensive contact on the part of the plaintiff caused by defendant's conduct." *Id.* at 335 (quotation omitted).

The Court finds that plaintiff has alleged enough facts in his amended complaint to survive initial review as to his claims for excessive force in violation of the Eighth Amendment against defendants Ensley, Waite and Wynn in their individual capacities. Similarly, the Court finds that plaintiff has alleged enough facts to survive initial review as to his claims for state law assault and battery against defendants Ensley, Waite and Wynn. The Court will instruct the Clerk to issue process on these claims.

### D. Deliberate Indifference to Serious Medical Needs in Violation of the Eighth Amendment

Plaintiff alleges several instances in his amended complaint where he believes he was denied access to medical care in violation of the Eighth Amendment. The first instance allegedly occurred prior to his altercation with defendants Waite and Wynn.

Plaintiff asserts that after overflowing the toilet in Cell No. 142, he was awoken to being sprayed with pepper spray. Plaintiff indicates that he was maced by defendants Wynn and Ensley. Additionally, he claims that these defendants also refused to pull him out of his cell even though he couldn't "see and breathe" and he had no way to wash out his eyes or mouth.

The Eighth Amendment requires that inmates be provided with adequate medical care. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). To establish that a denial of medical care rises to the level of an Eighth Amendment violation, plaintiff must allege facts demonstrating that a defendant acted with deliberate indifference. *Id.*

The test for deliberate indifference consists of two prongs. *Id.* First, an inmate must show that he "suffered from an objectively serious medical need." *Id.* A "serious medical need" is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) (internal citation omitted). Second, the plaintiff must show that the defendant actually knew of, and yet deliberately disregarded, that need. *Schaub*, 638 F.3d at 914. "Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed." *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir.1995) (citing *Estelle*, 429 U.S. at 104-05)).

Taking plaintiff's allegations as true, that defendants Wynn and Ensley failed to take him out of his cell for medical care even though he could not see or breathe, the Court finds that plaintiff

10

has stated enough to survive initial review on his claims for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. The Court will instruct the Clerk to issue process on these claims.

The second instance in plaintiff's amended complaint wherein he alleges a deliberate indifference to his serious medical needs purportedly occurred after his altercation with defendants Waite and Wynn. Plaintiff asserts that after the alleged excessive force, he was taken to the restraint bench at "1-A." Unnamed "medical staff" came to the restraint bench to "assist the plaintiff [with] his injuries" and wash his eyes out.

Plaintiff does not appear to take issue with the treatment given to him by these unnamed medical staff. However, he asserts that a few days later he saw an unnamed NECC doctor regarding the "swelling to the injured areas" It is this instance wherein plaintiff believes that the NECC medical staff first started to show him deliberate indifference to his serious medical needs. Although plaintiff does not indicate in his amended complaint the places on his body that he complained to the doctor were injured, he asserts that the NECC doctor failed to order X-rays.

Plaintiff complains that an unknown Corizon doctor, along with several nurses, refused to see him during sick call to properly assess his pain. Plaintiff, however, fails to properly identify these individuals or provide specific times or places that he believes he was denied medical care. Although he asserts that he complained for almost two years to unnamed persons in NECC and JCCC medical of pain in his leg and pelvic areas, he again fails to identity the specifics of his claims, such as when he complained, who he believes denied him care, and where the claim arose.

The Court finds that plaintiff's allegations of deliberate indifference to his serious medical needs, as cited above, fail to establish an Eighth Amendment violation. Plaintiff has failed to outline each specific occurrence he believes he was denied medical care by a specific and

11

identifiable defendant. Additionally, plaintiff has failed to properly allege that he suffered from an objectively serious medical need, such as an inability to walk or significant pain in his hip, *on each specific occurrence* he complains of. Furthermore, plaintiff has not provided the Court the identity of who he believes denied him care and on what particular date, such that a Constitutional violation and defendant could readily be identified. Last, plaintiff has not alleged that defendants, in any way, defendants actually knew of, and yet deliberately disregarded, his medical needs.

For these reasons, the Court finds that plaintiff has not established any additional Eighth Amendment violations for deliberate indifference to his serious medical needs.

### E. Failure to Intervene in Violation of the Eighth Amendment

The Eighth Amendment imposes upon prison officials the obligation to restore control in tumultuous situations. *Buckner v. Hollins*, 983 F.2d 119, 121 (8th Cir. 1993). As such, under § 1983, a correctional officer can be held liable for failing to intervene in another officer's constitutional violation. *See Putman v. Gerloff*, 639 F.2d 415, 423 (8th Cir. 1981) (determining that a deputy could be held "jointly liable for failing to intervene if a fellow officer…was using excessive force and otherwise was unlawfully punishing the prisoner"); and *Buckner*, 983 F.2d at 121-22 (determining that state corrections officer had a duty to intervene on behalf of inmate being assaulted by a county corrections officer). "A prison official acts with deliberate indifference to an inmate's safety when the official is present at the time of an assault and fails to intervene or otherwise act to end the assault." *Williams v. Mueller*, 13 F.3d 1214, 1216 (8th Cir. 1994).

As set forth above, plaintiff alleges that defendants Ensley, Pree and Greene watched while defendant Waite maced plaintiff and while defendant Wynn threw plaintiff against the wall. Taking plaintiff's allegations as true, which the Court is required to do, the Court finds that plaintiff has stated enough facts to survive initial review as to a failure to intervene against defendants

Ensley, Pree and Greene in violation of the Eighth Amendment. The Court will instruct the Clerk to issue process on these claims.

### F. Motion for Appointment of Counsel

Plaintiff has also filed a motion seeking appointment of counsel in this action. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated that he can adequately present his claims to the Court and neither the factual nor the legal issues in this case appear to be complex.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file an amended complaint [ECF No. 4] is **GRANTED**. The Clerk shall docket the attached proposed amended complaint as a separate document, as well as the attached exhibits.

**IT IS FURTHER ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $13.65 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within twenty-one (21) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the amended complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to Correctional Officers Unknown Pree; Unknown Wynn; Unknown Greene; Unknown Ensley; and Unknown Waite in their individual capacities.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the amended complaint on plaintiff's claims for excessive force in violation of the Eighth Amendment, as well as plaintiff's Missouri State law claims of assault and battery, against defendant Correctional Officers Ensley, Waite and Wynn.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the amended complaint on plaintiff's claims for failure to intervene in violation of the Eighth Amendment against defendant Correctional Officers Ensley, Pree and Greene.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the amended complaint on plaintiff's claims for deliberate indifference to his serious medical needs in violation of the Eighth Amendment against defendant Correctional Officers Ensley and Wynn.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Unknown Pree; Unknown Wynn; Unknown Greene; Unknown Ensley; and Unknown Waite shall reply to the amended complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Anne Precythe; Warden Unknown Reddington; Unknown Director of Institutions of Missouri Prisons; John Doe Doctor; John Doe Corizon Employee; Unknown Corizon Nurse; and Medical Personnel at NECC are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants in their official capacities are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that plaintiff's motions for appointment of counsel [ECF Nos. 2 and 6] are **DENIED at this time**.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 18th day of July, 2022.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE