## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| RICHARD LYNN MCCOY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-CV-114 JAR |
| | ) |
| UNKNOWN PREE, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for reconsideration of the Order of

Partial Dismissal of the amended complaint entered on July 18, 2022. A review of plaintiff's

motion reveals no grounds for reconsideration in this matter. Accordingly, plaintiff's motion will

be denied.

### Background

Plaintiff, an inmate at Jefferson City Correctional Center (JCCC), filed the instant action,

brought pursuant to 42 U.S.C. § 1983, on January 28, 2022. [ECF No. 1]. Plaintiff was granted

leave to amend his complaint on July 18, 2022. [ECF Nos. 7 and 8]. The Court reviewed plaintiff's

amended complaint pursuant to 28 U.S.C. § 1915 on that same date for frivolousness,

maliciousness and for failure to state a claim upon which relief may be granted. [ECF No. 7]. The

Court issued process on several claims in plaintiff's amended complaint at that time; however,

plaintiff's allegations against defendants Anne Precythe, Unknown Reddington, the Director of

Missouri Prisons, John Doe Doctor, John Doe Corizon Employee, Unknown Corizon Nurse and

Medical Personnel at Northeast Correctional Center were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] [ECF Nos. 7 and 9].

In his amended complaint, plaintiff asserts that in April of 2020, during his incarceration at Northeast Correctional Center (NECC), his Eighth Amendment rights were violated by defendant Correctional Offices Wynne, Ensley and Waite when he was purportedly subjected to excessive force by these officers.[2] Plaintiff additionally claims that he was subjected to deliberate indifference of his serious medical needs in violation of the Eighth Amendment by defendant Correctional Officers Wynn and Ensley for failing to take him out of his cell when he could not see or breathe after he was maced. [ECF No. 8].

In the instant motion for reconsideration, plaintiff asserts that the Court should reconsider the dismissal of the claims of deliberate indifference of his serious medical needs in violation of the Eighth Amendment which purportedly occurred by Unknown Medical Personnel who assessed plaintiff when he was restrained on a bench outside "1-A" after he was subjected to excessive force on April 6, 2020.

In his motion for reconsideration, plaintiff offers new facts not contained in his amended complaint to support his allegations of deliberate indifference against Unknown Medical Personnel:

> Unknown Medical Personel [sic] who accessed [sic] plaintiff on 4-6-20, after incident, on 1-A-wing bench, only put a solution in plaintiff's eyes. But failed to allow plaintiff to get mace out of his mouth, off his body nor was plaintiff accessed [sic] outside of this treatment…

---

[1] The Court additionally dismissed plaintiff's claims against all the named defendants in their official capacities.

[2] Plaintiff also alleges claims of Missouri state law assault and battery against these defendants.

Plaintiff suffered serious medical needs when medical staff fail[ed] to check his ribs, leg and buttocks and mouth or do vitals. Plaintiff has since been on inhalers for breathing issues.[3]

Based on new factual assertions as outline above, plaintiff argues that the Court made a mistake in dismissing the claims of deliberate indifference relative to Unknown Medical Personnel in its Memorandum and Order and Order of Partial Dismissal entered on July 18, 2022. [ECF Nos. 7 and 9].

## Discussion

It is unclear whether plaintiff intends his pro se motion for reconsideration to be brought under Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason). Fed. R. Civ. P. 59(e), 60(b); *see also Sanders v. Clemco Indus.*, 862 F.2d 161, 164-65, 168–69 (8th Cir. 1988) (discussing differences in characterizing unlabeled motion for reconsideration as either under Rule 59(e) or Rule 60(b)).

Under Rule 59(e), a court may alter or amend a judgment upon a motion filed no later than twenty-eight (28) days after entry of the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) gives the Court power to rectify its own mistakes in the period immediately following the entry of judgment. *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). Rule 59(e) motions are limited, however, to correcting "manifest errors of law or fact or to present newly discovered evidence." *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoted cases omitted). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments that could have been presented prior to judgment. Furthermore, district courts have broad discretion in determining whether to grant a Rule 59(e) motion. *Id.*

---

[3]In the amended complaint, plaintiff's allegations state, "Medical staff came to the restraint bench and assist[ed] the plaintiff of his injuries and washed his eyes out after being pepper sprayed." Plaintiff makes no additional allegations against Medical Personnel at NECC. Additionally, he failed to grieve the matter in his administrative grievances at NECC.

Federal Rule of Civil Procedure 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted). It is not intended to be a vehicle for seeking reconsideration of merit arguments that were previously considered by the court. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

After reviewing the arguments made by plaintiff in his motion for reconsideration, the Court finds that there are no grounds within the motion for reconsideration available to allow for relief under either Rule 59(e) or 60(b).

Plaintiff's motion fails to point to any mistake, newly discovered evidence, fraud, or other reason justifying reconsideration of the Court's judgment. Instead, plaintiff proposes new facts within in his motion for reconsideration that are not contained in his amended complaint. Unfortunately, plaintiff cannot use a motion for reconsideration to substantially change the width

4

and breadth of his pleading. As such, plaintiff's motion for reconsideration of the Order of Partial

Dismissal will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration of the Order of

Partial Dismissal of this action, entered on July 18, 2022, [ECF No. 12] is **DENIED**.

Dated this _19th_ day of August, 2022.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE