# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RICHARD LYNN MCCOY, JR., ) | |
| Plaintiff, ) | |
| v. ) | No. 4:22-CV-114 JAR |
| UNKNOWN PREE, et al., ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's motion for appointment of counsel. After considering the motion and the pleadings, the motion will be denied without prejudice.

There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

The Court issued process on several claims in plaintiff's amended complaint on July 18, 2022. However, as of today's date, service has not yet occurred in this action. Additionally, at this point, plaintiff has demonstrated that he can adequately present his claims to the Court. Moreover, the claims remaining in this action, excessive force and deliberate indifference to serious medical needs, as well as Missouri state law assault and battery, are not so complex that plaintiff requires

additional assistance at this time. For these reasons, the Court will deny plaintiff's request for counsel.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 13] is **DENIED** without prejudice.

Dated this 19th day of August, 2022.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE