**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| RICHARD LYNN MCCOY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-CV-114 JAR |
| | ) |
| UNKNOWN PREE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for leave to file an amended complaint. The Court will deny plaintiff's motion.

**Background**

Plaintiff, an inmate at Jefferson City Correctional Center (JCCC), filed the instant action, brought pursuant to 42 U.S.C. § 1983, on January 28, 2022. [ECF No. 1]. Plaintiff was granted leave to amend his complaint on July 18, 2022. [ECF Nos. 7 and 8]. The Court reviewed plaintiff's amended complaint pursuant to 28 U.S.C. § 1915 on that same date for frivolousness, maliciousness and for failure to state a claim upon which relief may be granted. [ECF No. 7]. The Court issued process on several claims in plaintiff's amended complaint at that time; however, plaintiff's allegations against defendants Anne Precythe, Unknown Reddington, the Director of Missouri Prisons, John Doe Doctor, John Doe Corizon Employee, Unknown Corizon Nurse and Medical Personnel at Northeast Correctional Center were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] [ECF Nos. 7 and 9].

---

[1] The Court additionally dismissed plaintiff's claims against all the named defendants in their official capacities.

In his amended complaint, plaintiff asserts that in April of 2020, during his incarceration at Northeast Correctional Center (NECC), his Eighth Amendment rights were violated by defendant Correctional Offices Wynne, Ensley and Waite when he was purportedly subjected to excessive force by these officers.[2] Plaintiff additionally claims that he was subjected to deliberate indifference of his serious medical needs in violation of the Eighth Amendment by defendant Correctional Officers Wynn and Ensley for failing to take him out of his cell when he could not see or breathe after he was maced. [ECF No. 8].

In the instant motion to amend his complaint, plaintiff has submitted a two-page, handwritten motion seeking to add "material facts" to his amended complaint. The "material facts" which plaintiff seeks to add range from how plaintiff believes he has suffered, what prescription medicines he was provided after the incident on April 6, 2020, as well as a substitution of party for a Jane Doe doctor (who is no longer a party in this action).

### Discussion

The Court notes that plaintiff has not submitted a stand-alone complaint to the Court. Rather, his attempts to amend his pleading are fully contained within a two-page, handwritten document. The Court will deny plaintiff's motion to amend his complaint because the Court does not accept amendments to pleadings by interlineation. *See Popoalii v. Corr. Med. Servs*, 512 F.3d 488, 497 (8th Cir.2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amendment was not submitted with the motion).

Accordingly,

---

[2]Plaintiff also alleges claims of Missouri state law assault and battery against these defendants.

2

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file an amended complaint

[ECF No. 17] is **DENIED**.

Dated this _19th_ day of August, 2022.


JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

3