UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RICHARD LYNN MCCOY,       )
                                  )
       Plaintiff,        )
                                  )
     v.                   )     Case No. 4:22-CV-114 JAR
                                  )
JOHN PREE, et al.,         )
                                  )
       Defendants.      )

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Richard McCoy's motion for default judgment as to defendant Jarrod Ensley. [ECF No. 55]. Also before the Court is plaintiff's motion for appointment of counsel, and his motion for documentary evidence. [ECF Nos. 46 and 56]. Last, defense counsel Kelli Reichert's motion to withdraw as counsel for defendants is also before the Court. [ECF No. 45].

After review of the motions before the Court and their accompanying briefs, the Court will deny plaintiff's motions in their entirety. Defense counsel Kelli Reichert's motion to withdraw as counsel for defendants will be granted.

### Background

Plaintiff, an inmate at Southeast Correctional Center (SECC), filed the instant action pursuant to 42 U.S.C. § 1983 on January 28, 2022, alleging violations of his civil rights during his incarceration at Northeast Correctional Center (NECC). [ECF No. 1]. Plaintiff filed a motion for leave to file an amended pleading on February 14, 2022. [ECF No. 4]. The Court granted his motion on July 18, 2022, and reviewed his amended complaint pursuant to 28 U.S.C. § 1915 on that same date. [ECF Nos. 7 and 9].

The Court issued process on several claims in plaintiff's amended complaint including on

plaintiff's claims against defendant Correctional Officers Wynn, Ensley and Waite for excessive force and Missouri state law assault and battery. Additionally, the Court issued process as to defendant Correctional Officers Wynn and Ensley on plaintiff's claims for violation of the Eighth Amendment for deliberate indifference to his serious medical needs. Last, the Court issued process as to plaintiff's claims as to Correctional Officer defendants Ensley, Pree and Greene as to his Eighth Amendment failure to intervene claims. However, the Court dismissed plaintiff's claims against defendants Anne Precythe, Unknown Warden Reddington, the Director of the Missouri Prisons, John Doe Doctor, John Doe Corizon Employee, Unknown Corizon Nurse and Medical Personnel at NECC as frivolous and/or for failure to state a claim pursuant to § 1915(e)(2)(B). [ECF Nos. 7 and 9].[1] A waiver of service letter was issued to the Missouri Attorney General's Office on July 19, 2022, on behalf of defendants Pree, Wynn, Green, Ensley and Waite. [ECF No. 10].

On September 15, 2022, defendants Greene, Pree, Waite and Wynn filed a motion to partially dismiss plaintiff's amended complaint on the basis that plaintiff failed to exhaust his failure to intervene claims against defendants Pree and Greene and all defendants were entitled to qualified immunity. [ECF Nos. 25 and 26]. Although plaintiff was ordered to respond to the motion to dismiss and given additional time to do so, he failed to respond to the motion. [ECF Nos. 27-29]. Nevertheless, the motion to dismiss was denied on July 10, 2023. [ECF No. 43].

Because defense counsel had failed to enter an appearance on behalf of defendant Jarrod Ensley, [ECF No. 30], the Court ordered counsel to provide the last known home address for defendant Ensley on March 31, 2023. [ECF No. 32]. Alias summons was issued for defendant

[1]Although plaintiff moved for reconsideration of the partial dismissal of his amended complaint, [ECF No. 12], as well as for leave to file a second amended pleading [ECF No. 17], his motions were denied. [ECF Nos. 19 and 22].

Ensley on April 11, 2023. [ECF No. 37]. The return of proof of service upon defendant Jarrod

Ensley was filed on April 27, 2023. [ECF Nos. 39 and 40]. Jarrod Ensley was served with process

by the U.S. Marshals on April 20, 2023, in accordance with the Illinois Long Arm Statute. *Id.* As

a result, on May 23, 2023, ordered defense counsel to respond to the Court as to whether counsel

would be entering an appearance on behalf of defendant Ensley. [ECF No. 41]. When defense

counsel responded that it could not determine if service was effectuated on defendant Ensley such

that an appearance could be entered on his behalf, [ECF No. 42], plaintiff was ordered to file both

a motion for entry of default and a motion for default judgment, with all supporting documentation,

no later than thirty (30) days from the date of July 10, 2023. [ECF No. 43]. Prior to plaintiff's

filings, counsel for defendant filed answers to plaintiff's amended complaint on behalf of all

defendants. [ECF Nos. 48, 51-54].

### Discussion

#### A. Plaintiff's Motion for Default Judgment as to Defendant Ensley

At the Court's request, plaintiff filed what appears to be a motion for entry of default

against defendant Ensley, although he has titled the motion as one for default judgment. *See*

Fed.R.Civ.P. 55(a) and (b). Nonetheless, the Court will deny plaintiff's motion for default

judgment and grant defendants the ability to file their answers out of time.[2]

#### B. Plaintiff's Motion for Documentary Evidence

Plaintiff's motion for documentary evidence seeks the "Court to supply him with" files

relating to his medical records at NECC, defendants' employment files from the Missouri

---

[2]The Court is aware that Jarrod Ensley's answer or other responsive pleading was due to the Court no later than twenty (21) days from the date he was served under the Illinois Long Arm Statute on April 20, 2023. *See* Fed.R.Civ.P.12(a)(1)(A)(i). Additionally, the remaining defendants' answers were due to the Court no later than fourteen (14) days from the date the motion to dismiss was denied on July 10, 2023. *See* Fed.R.Civ.P.12(a)(4)(A).

Department of Corrections (MDOC), a complete copy of the "use of force" guidelines at the MDOC and documentation pertaining to the April 6, 2020 incident.

The bounds of discovery are set forth in the Federal Rules of Civil Procedure, which plaintiff needs to familiarize himself with. Additionally, discovery requests are served on defense counsel, not on the Court, and the parties must comply not only with the Federal Rules and Local Rules, but also with the Case Management Order issued by this Court. The Court will deny plaintiff's motion for documentary evidence for the aforementioned reasons.

## C. Plaintiff's Motion for Appointment of Counsel

Plaintiff filed his fourth motion for appointment of counsel on July 17, 2023. He claims that he needs counsel to assist him in this matter. After reviewing the motion, the Court will deny the request at this time.

In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not

warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. If necessary, the Court will entertain future motions for appointment of counsel as the case progresses.

### D. Defense Counsel Kelli Reichert's Motion for Withdrawal

Defense counsel Kelli Reichert seeks leave to withdraw from this matter as counsel for defendants. [ECF No. 45]. Because defendants will remain represented by Assistant Attorney General Ryan Murray, the Court will grant Ms. Reichert leave to withdraw from this matter.

Accordingly,

**IT IS HEREBY ORDERED** that defense counsel will be granted leave to file defendants' answers out of time.

**IT IS FURTHER ORDERED** that plaintiff's motion for default judgment [ECF No. 55] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for documentary evidence [ECF No. 56] is **DENIED at this time.** The Case Management Order entered herewith shall set forth instructions relating to discovery in this matter.

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiff a copy of the Local Rules of this Court.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 46] is **DENIED at this time.**

**IT IS FURTHER ORDERED** that defense counsel Kelli Reichert's motion for leave to withdraw [ECF No. 45] is **GRANTED**.

Dated this 1st day of August, 2023.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE