UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD LYNN MCCOY, JR., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:22CV114 JAR |
| ) | |
| JOHN PREE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is now before the Court on Plaintiff's *pro se* Motions to Supplement [ECF No. 60], Appointm Counsel [ECF No. 61] and for Reconsideration of the Court's Order denying Plaintiff's Default Judgment Motion [ECF No. 67]. For the reasons set forth below, Plaintiff's Motions will be denied.

On August 1, 2023, the Court denied Plaintiff's *pro se* Motion for Default Judgment as to Defendant Ensley and granted Defendants' request to file their answers out of time [ECF No. 58]. In its Order, the Court also explained Plaintiff titled his motion for entry of default judgment against Defendant Ensley incorrectly. Two days later, on August 3, 2023, Plaintiff filed his motion to supplement [ECF No. 60], which attempts to cure this defect and put his motion on the proper form. However, Plaintiff's motion to supplement is now moot since his motion for default judgment was already denied for other reasons.

Plaintiff then filed his Motion objecting toward the Court's "ruling on his motion for default judgment" [ECF No. 67], which the Court construes as a Motion for Reconsideration. Plaintiff argues the Court notified him on July 10, 2023 to file his motion for default judgment against Defendant Ensley within thirty days, which he timely complied [ECF No. 43]. Plaintiff correctly states that Defendant Ensley's answer or other responsive pleading were past due at the

time the Court notified him about the default motion. However, on July 24, 2023, Defendant Ensley filed his answer [ECF No. 48], and on July 26, 2023, an attorney entered for Defendant Ensley [ECF No. 50]. As stated above, in the Court's August 1, 2023 denying Plaintiff's motion for entry of default judgment, the Court also granted Defendants' request to file their answers out of time. Because Defendant Ensley has filed his answer and the Court granted leave for him to file it out of time, Plaintiff's motion for entry of default judgment was properly denied. Therefore, the Court will deny Plaintiff's Motion for Reconsideration.

Turning to Plaintiff's Motion to Appoint Counsel, in civil cases, a *pro se* litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the *pro se* litigant to investigate the facts, the existence of conflicting testimony, and the ability of the *pro se* litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court by filing several of his own motions, such as the instant motions at issue here. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court also notes that Plaintiff has previously filed four motions for appointment of counsel, which the Court denied, and he has not presented any new facts since the filing of those motions [ECF Nos. 2, 6, 13, and 46].

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Supplement [ECF No. 60] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel [ECF No. 61] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration of the Court's Order denying Plaintiff's Default Judgment Motion [ECF No. 67] is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk's Office send a copy of Defendant Ensley's Answer [ECF No. 48] and the Entry of Appearance for Defendant Ensley's attorney [ECF No. 50] to Plaintiff at his address on file with a copy of this Order.

Dated this 30th day of August, 2023.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**